**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| RACHEL PAPP, CANDU PROPERTIES LLC and REGINALD B. FRIESEN, on behalf of themselves and all others similarly situated, | ) Case No.: ) ) ) |
| Plaintiffs, | ) **JURY DEMAND ENDORSED** ) **HEREON** |
| v. | ) ) |
| AS AMERICA, INC. 1 Centennial Avenue P.O. Box 6820 Piscataway, New Jersey 08855-6820 | ) ) ) ) ) |
| Defendant. | ) |

**CLASS ACTION COMPLAINT**

Plaintiffs Rachel Papp, Candu Properties LLC and Reginald B. Friesen (collectively "Plaintiffs"), individually and on behalf of all other persons and entities similarly situated, through counsel, bring this class action complaint against Defendant AS America, Inc. d/b/a American Standard Brands ("Defendant") and hereby allege as follows:

**NATURE OF THE ACTION**

1. Plaintiffs bring this nationwide action on behalf of themselves and the putative class against Defendant to recover damages they sustained as a result of defective toilets manufactured and sold by Defendant. Specifically, Defendant's Champion 4 brand toilet (the "Champion 4 Toilet") has a defect in the seal or washer that sits on the flush valve mechanism (the "Flush Valve Seal"). The purpose of the Flush Valve Seal is to prevent water in the holding tank from draining until the user flushes the toilet. In a relatively short period of time, the Flush Valve Seal develops a blister on its surface ranging in size, depending on its severity. The blister on the seal creates a leak path, allowing water to leak down the flush valve mechanism causing a tremendous amount

of water loss and increased water bills. The leak path can become so great that it causes the toilet to periodically flush on its own. The defective Champion 4 Toilet caused Plaintiffs to sustain damages which include, but are not limited to, repair or replacement costs, increased water bills, diminution in value of the toilet and other related costs. Below are photos of a defective Flush Valve Seal at issue in this case showing the blistering of the product:



2. Even though Defendant is aware of the defect, it has not changed the design of the flush valve mechanism or the composition of the Flush Valve Seal to prevent the defect from occurring. Plaintiffs bring this Class Action Complaint to recover the damages sustained as a result of the defective Flush Valve Seal present in the Champion 4 Toilet and to ensure that

2

Defendant remedies the defective Flush Valve Seal on the Champion 4 Toilet and any other products manufactured by Defendant utilizing the same defective part.

## THE PARTIES

3. Plaintiff Rachel Papp ("Papp") is an individual and Ohio resident.

4. Plaintiff Candu Properties LLC ("Candu Properties") is a Delaware series limited liability company with its principal place of business located in Lorain County, Ohio.

5. Plaintiff Reginald B. Friesen[1] ("Friesen") is an individual and Ohio resident and the principal member of Candu Properties.

6. Defendant AS America, Inc. is a New Jersey corporation with its corporate headquarters located in Piscataway, New Jersey. Upon information and belief, Defendant transacts business here in Cuyahoga County.

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d), in that the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which any member of the class of plaintiffs is a citizen of a state different from any defendant.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and because this Court has personal jurisdiction over Defendants. This Court has personal jurisdiction over Defendants because their liability in this action arises out of torts and other unlawful conduct taken within the state of Ohio, which caused tortious injury within the state of Ohio, and further because they transacted business, engaged in a persistent course of conduct and

---

[1] Friesen is related to attorney Brendon P. Friesen, Esq. of Mansour Gavin LPA who has entered an appearance in this case on behalf of Plaintiffs and the putative class.

derived substantial revenue in the state of Ohio.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

*Champion 4 Toilet*

9. Defendant manufacturers, markets and sells the Champion 4 Toilet. Defendant represents that the Champion 4 Toilets are "water-saving high efficiency toilets" and "available to help save water and money." www.americanstandard-us.com. Defendant's Champion toilet brand page is attached hereto as **Exhibit 1**.

10. Defendant expressly warrants the Champion 4 Toilet for 10 years. The warranty states in part:

> If inspection of this AS America, Inc. ("American Standard®") plumbing product, inclusive of the chinaware and all mechanical parts, confirms that it is defective in materials or workmanship, American Standard® will repair or, at its option, exchange the product for the same or a similar model.

(**Exhibit 2**, attached hereto).

*Rachel Papp*

11. Papp purchased a Champion 4 Toilet in or around December 2012 for her residential home in Lorain County, Ohio.

12. In August 2016, Papp noticed a 30% increase in water usage at the rental property. Her local water department contacted Papp to inquire whether she had a leak in the home, as they too noticed a spike in her water usage. She incurred higher than normal charges from the water department due to the increased water usage.

13. Papp hired a contractor to determine if there was a leak. In November 2016, the contractor discovered that the Champion 4 Toilet was leaking due to a defective a Flush Valve Seal, replaced it and charged Papp for the service call and part. Below is a photo of the defective Flush Valve Seal:

4



*Candu Properties and Friesen*

14. Candu Properties purchased several Champion 4 Toilets for installation in residential homes it owns located throughout Cuyahoga County, Ohio.

15. Friesen also purchased a Champion 4 Toilet for installation and use in his personal residence located in Ohio.

16. After a period of time, Friesen began receiving complaints from the tenants at Candu Properties' homes that their toilets were running and, on occasion, flushing on their own.

17. Friesen inspected the Champion 4 Toilet at one of the Candu Properties homes and narrowed down the leak source to the flush valve mechanism.

18. Upon inspecting the flush valve mechanism, Friesen discovered a blister on the Flush Valve Seal. Photographs of the blistered Flush Valve Seal as shown in the previous photographs.

19. After noticing an increase in water usage, Friesen inspected the Champion 4 Toilets in more of Candu Properties' homes and discovered additional Flush Valve Seals with blisters on the surface. Friesen inspected the Champion 4 Toilet at his home and discovered that it too has a blistered Flush Valve Seal.

20. Friesen contacted Defendant, which advised him that it was aware of the problem and thereafter, sent him a replacement Flush Valve Seal. However, Defendant did not pay to repair the toilet as required by the warranty. The replacement Flush Valve Seals provided by Defendant are prone to blistering, again causing the Champion 4 Toilet to leak.

21. Upon information and belief, Defendant is also aware of the continued defect. As such, the purported warranty of Defendant fails in its essential purposes – to warrant the non-defective condition of the Champion 4 Toilets purchased.

22. As Plaintiffs found, the Champion 4 Toilets leak, need repair and replacement of the Flush Valve Seal, flush valve mechanism or the toilet. The leak causes significant water loss. However, many purchasers of the Champion 4 Toilet and members of the Class, as defined herein, may not be aware of the source of or even the presence of a leak. They have, however, indeed sustained damages.

23. Because all or substantially all of the Flush Valve Seal on Champion 4 Toilets are defective in design and/or manufacture Plaintiffs and members of the Class are entitled to damages in amount to be determined at trial, but exceed $5 Million.

## CLASS ACTION ALLEGATIONS

24. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

25. Plaintiffs bring this action on behalf of themselves and as a class action under Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure, seeking damages and injunctive relief

pursuant to the Uniform Commercial Code, United States common law and the Magnuson-Moss Act on behalf of the following class ("the Class"):

> All persons or entities residing in the United States who purchased a "Champion 4" model toilet manufactured by Defendant AS America, Inc. or its subsidiaries or affiliates within the previous ten (10) years. Excluded from the class are Defendant, its officers, employees, agents, and representatives.

Plaintiffs reserve the right to amend the Class definition prior to certification.

26. Plaintiffs do not know the exact size of the Class or the time period of the defective Flush Valve Seal design. However, Plaintiffs believe that there are at least tens of thousands of individuals in the Class. The members of the Class are so numerous that joinder of all members is impractical.

27. Class members are identifiable from information and records in their possession and in the possession of Defendant.

28. Plaintiffs' claims are typical of the claims of other members of the Class, and Plaintiffs will fairly and adequately protect the interest of the Class. Plaintiffs' interests are coincident with, and not antagonistic to, other members of the Class. Plaintiffs retained competent counsel experienced in the prosecution of class action litigation.

29. Common questions of law and fact exist as to all Class members and predominate over any questions solely affecting individual Class members. These common questions include, but are not limited to:

    a. Whether the Champion 4 Toilet suffers from a defective Flush Valve Seal, causing damage to the owner including, but not limited to, repair and replacement costs, plumbing costs, significant water loss and increased water bills, and a diminution of value when compared to its as warranted condition ;

b. Whether Defendant knew or had reason to know that Plaintiffs and other members of the Class purchased the Champion 4 Toilets and the flush valve mechanism to effectively and reliably seal to prevent water loss;

c. Whether the Champion 4 Toilets can be repaired or replaced so as to be substantially free from defects and work for their intended purposes;

d. Whether the Champion 4 Toilets have not or will not perform in accordance with the reasonable expectations of a reasonable customer;

e. Whether the Defendant breached implied warranties of merchantability;

f. Whether Defendant failed to honor its obligations under express and/or implied warranties;

g. Whether Defendant's warranty fails in its essential purpose;

h. Whether Defendant committed a breach of contract;

i. Whether Defendant was unjustly enriched by its course of conduct;

j. Whether Defendant misrepresented a characteristic or quality of the Champion 4 Toilet;

k. Whether Defendant concealed and or failed to disclose that the Champion 4 Toilet was defective;

l. Whether the Champion 4 Toilet is a defective product pursuant to the Ohio product liability act;

m. Whether Defendant committed an unfair or deceptive act within the meaning of the Plaintiffs' and the Ohio putative class's consumer sales practices act, where applicable.

30. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of the effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

31. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications with respect to individual members of the Class that would establish incompatible standards of conduct for Defendant.

32. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impractical. Furthermore, the amounts at stake for many of the Class members are not great enough to enable them to maintain separate suits against Defendant.

33. Without a class action, Defendant will likely retain the benefit of their wrongdoing and will continue a course of action, which will result in further damages to Plaintiffs and the Class. Plaintiffs do not envision difficulty in the management of this action as a class action.

## COUNT ONE
**(Breach of Express Warranty – UCC §2-313)**

34. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint as if fully rewritten herein.

35. Defendant sold the Champion 4 Toilet under "a limited 10 year warranty on all mechanical parts of the toilet." Which promised that the product would be defect free and that Defendant would pay to repair or replace any product that was defective. (**Exhibit 2**).

9

36. The warranty expressly promises, among other things, that Defendant will repair any defects in materials or workmanship, for ten years after initial purchase.

37. The Flush Valve Seal blisters, which creates a leak path causing the Champion 4 Toilet to leak. This renders the Champion 4 Toilet defective. The defective Champion 4 Toilet causes Plaintiffs to sustain damages including, but not limited to, repair and replacement costs, increased water bills, diminution of value of the product, and other related costs.

38. All conditions precedent to Defendant's liability under the warranty were performed by Plaintiffs and members of the Class or have otherwise been waived.

39. Plaintiffs and other members of the Class contacted Defendant about problems with the Champion 4 Toilet, yet Defendant failed to provide non-defective replacement parts and labor to correct the problem, as required by warranty, and/or the warranty otherwise fails in its essential purpose. Therefore, Defendant breached the terms of the express warranty.

40. As a direct and proximate result of Defendant's breach of warranty, Plaintiffs and members of the Class have sustained damages in an amount to be established at trial.

## COUNT TWO
### (Breach of Implied Warranty of Merchantability – UCC §2-314)

41. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

42. Defendant impliedly warranted that the Champion 4 Toilet was of merchantable quality and was fit for the ordinary purposes for which toilets are used.

43. Defendant breached its implied warranties by selling a Champion 4 Toilet with a flush valve mechanism that leaks due to the defective Flush Valve Seal.

44. As a direct and proximate result of Defendant's breach, Plaintiffs and members of the Class have sustained damages in an amount to be established at trial.

## COUNT THREE
### (Breach of Contract)

45. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

46. The transaction between Plaintiffs and Defendant, and between other members of the Class and Defendant, is a legally enforceable contract.

47. The contract provided that Plaintiffs and members of the Class would pay Defendant in exchange for non-defective Champion 4 Toilets.

48. Defendant breached its contract with Plaintiffs and other members of the Class by selling Champion 4 Toilets that were defective.

49. As a direct and proximate result of Defendant's breach, Plaintiffs and members of the Class have sustained damages in an amount to be established at trial.

## COUNT FOUR
### (Violations of Magnuson-Moss Act, 15 U.S.C. §§ 2301-2312 – Written Warranty)

50. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

51. Defendant's Champion 4 Toilets are "consumer products" as that term is defined by 15 U.S.C. § 2301(1).

52. Plaintiffs and members of the Class are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

53. Defendant is a "supplier" and "warrantor" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

54. Defendant provided Plaintiffs and members of the Class with a "written warranty," as that term is defined by 15 U.S.C. § 2301(6).

55. Defendant warrantied all of the Champion 4 Toilets against defects in materials or workmanship at a time when it knew that these Champion 4 Toilets suffered from defects.

Nevertheless, Defendant continued to market, distribute and sell these Champion 4 Toilets with this express warranty.

56. Defendant is obligated to Plaintiffs and the members of the Class under the terms of its express warranty to "repair or, at its option, exchange the [defective Champion 4 Toilet] for the same or a similar model." (**Exhibit 2**).

57. Defendant breached its express warranty, as set forth above, by selling Champion 4 Toilets in a condition that do not meet the warranty obligations undertaken by Defendant, and by failing to repair the defects and/or replace the defective Toilets.

58. Plaintiffs and members of the Class used the Champion 4 Toilets for their intended and ordinary purpose.

59. Plaintiffs and members of the Class performed each and every duty required under the terms of their warranty, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct.

60. Defendant received timely notice of the breaches of warranty alleged herein. Despite this notice and Defendant's knowledge, Defendant refused to honor its express warranty, even though it knew of the inherent defects in the Champion 4 Toilets.

61. Plaintiffs and members of the Class gave Defendant a reasonable opportunity to cure its failures with respect to its express warranty, and Defendant failed to do so.

62. In its capacity as a warrantor, and by the conduct described herein, any attempt by Defendant to limit the express warranty in a manner that would exclude coverage of the defective Champion 4 Toilets is unconscionable. Any such effort to disclaim, or otherwise limit, liability for the defective Champion 4 Toilets is null and void.

63. Defendant failed to provide to Plaintiffs or members of the Class a warranty replacement that conforms to the qualities and characteristics that Defendant expressly warranted when Plaintiffs and members of the Class purchased their Champion 4 Toilets.

64. By Defendant's conduct as described herein, including Defendant's knowledge of the defective Champion 4 Toilets and its action and inaction in the face of that knowledge, Defendant failed to comply with its obligations under its written warranty.

65. As a result of Defendant's breach of express warranty, Plaintiffs and members of the Class are entitled to revoke their acceptance of the Champion 4 Toilets, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. § 2310.

## COUNT FIVE
**(Violations of Magnuson-Moss Act, 15 §§ U.S.C. 2301-2312 – Implied Warranty)**

66. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

67. Defendant's Champion 4 Toilets are "consumer products" as that term is defined in 15 U.S.C. § 2301(1).

68. Plaintiffs and members of the Class are "consumers" as that term is defined by 15 U.S.C. § 2301(3).

69. Defendant is a "supplier" and "warrantor" as those terms are defined by 15 U.S.C. § 2301(4) and (5).

70. Defendant provided Plaintiffs and members of the Class with an "implied warranty" as that term is defined by 15 U.S.C. § 2301(7), in conjunction with the sale of the Champion 4 Toilets.

71. Defendant provided Plaintiffs and members of the Class with an implied warranty that the Champion 4 Toilets were merchantable and fit for the ordinary purposes for which they were sold.

72. Defendant breached its implied warranty by selling Champion 4 Toilets that were not fit for the ordinary purposes of dependable operation, and by failing to repair the defects and/or replace the defective Champion 4 Toilets.

73. Defendant knew or had reason to know that Plaintiffs and members of the Class purchased the Champion 4 Toilets to effectively and dependably seal after flushing to prevent water loss.

74. The Champion 4 Toilets do not conform to the promises and affirmations uniformly issued by Defendant in its sales materials and warranties.

75. Plaintiffs and members of the Class used the Champion 4 Toilets for their intended and ordinary purpose.

76. Plaintiffs and members of the Class performed each and every duty required by law, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Defendant's unconscionable conduct.

77. Plaintiffs and members of the Class provided timely notice to Defendant regarding the problems they experienced with the Champion 4 Toilets and, notwithstanding such notice, Defendant failed to offer Plaintiffs and members of the Class an effective remedy.

78. Plaintiffs and members of the Class gave Defendant a reasonable opportunity to cure its failures with respect to its implied warranty, and Defendant failed to do so.

79. In its capacity as a warrantor, and by the conduct described herein, any attempt by Defendant to limit the implied warranty in a manner that would exclude coverage of the defective Champion 4 Toilets is void.

80. By Defendant's conduct as described herein, including Defendant's knowledge of the defective Champion 4 Toilets and its action and inaction in the face of that knowledge,

Defendant has failed to comply with its obligations under its implied warranty.

81. As a result of Defendant's breach of its implied warranty of merchantability, Plaintiffs and members of the Class are entitled to revoke their acceptance of the Champion 4 Toilets, obtain damages and equitable relief, and obtain attorney's fees and costs pursuant to 15 U.S.C. § 2310.

## COUNT SIX
### (Unjust Enrichment)

82. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

83. This claim is asserted in the alternative to a finding of breach of contract. This claim asserts that it is unjust to allow Defendant to retain profits from its unlawful conduct alleged herein.

84. Defendant received payment from Plaintiffs and members of the Class for their Champion 4 Toilets.

85. The Champion 4 Toilets sold by Defendant to Plaintiffs and members of the class were defective.

86. As a result of these actions, Defendant received benefits under circumstances where it would be unjust to retain these benefits.

87. Specifically, by selling to Plaintiffs a defective toilet that cannot be repaired, failing to honor its warranty obligations and making misrepresentations and omissions of material facts, Defendant has wrongfully received and retained monies to which it is not entitled.

88. Defendant has knowledge or an appreciation of the benefit conferred upon it by Plaintiffs and the members of the Class.

89. Defendant has been unjustly enriched.

90. Plaintiffs and the members of the Class are entitled to restitution and/or disgorgement of all profits, benefits and other compensation obtained and retained by Defendant from its unlawful conduct.

### COUNT SEVEN- OHIO ONLY
**(Strict Products Liability)**

91. Plaintiffs reallege and incorporate herein all previous paragraphs of this Complaint.

92. The Champion 4 Toilet is a "product" within the meaning of Ohio's Product Liability Claims Act. R.C. § 2307.71-2307.80.

93. The Champion 4 Toilet's defect in the Flush Valve Seal constitutes a manufacturing and/or design and/or failure to warn product defect, as those terms are used in Ohio's Product Liability Claims Act.

94. Defendant is the "manufacturer" of a defective product within the meaning of Ohio's Product Liability Claims Act.

95. Alternatively, Defendant is the "supplier" of a defective product within the meaning of Ohio's Product Liability Claims Act.

96. The Champion 4 Toilet's product defect(s) proximately caused the damages of Plaintiffs and the members of the Class. Therefore, Plaintiffs and members of the Class are entitled to damages in an amount to be determined at trial.

### COUNT EIGHT – OHIO ONLY
**(Violation of Ohio Consumer Sales Practices Act)**

97. Plaintiff realleges and incorporates herein all previous paragraphs of this Complaint.

98. Plaintiffs bring this claim as Ohio consumers, but the claims arise under the various applicable laws in the states.

16

99. For purposes of the Ohio Consumer Sales Practices Act, Defendant is a "person" within the meaning of R.C. § 1345.01(B).

100. The selling of the Champion 4 Toilet to Plaintiffs and other members of the Class constitutes a "consumer transaction" within the meaning of R.C. § 1345.01(a).

101. By selling defective Champion 4 Toilets, Defendant engaged in "unfair or deceptive acts or practices" within the meaning of R.C. § 1345.02 and thus violated the Ohio Consumer Sales Practices Act including, without limitation, as follows: (A) that the Champion 4 Toilet has performance characteristics, uses, or benefits that it does not have; and (B) that the Champion 4 Toilet is of a particular standard, quality or grade when it is not.

102. As a result of Defendant's conduct, Plaintiff and members of the Class sustained damages in an amount to be established at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that:

a. The Court determine that this action may be maintained as a class action under Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and direct that reasonable notice of this action, as provided by Rule 23(c)(2) of the Federal Rules of Civil Procedure, be given to each and every member of the Class, that Plaintiffs be appointed as Class Representatives, and that Plaintiffs' counsel be appointed Lead Counsel for the Class;

b. The unlawful conduct alleged herein be adjudged and decreed in violation of the laws cited above;

c. Plaintiffs and members of the Class recover damages, to the maximum extent allowed under such laws in favor of Plaintiffs and the members of the Class be entered against Defendant;

d. Plaintiffs and members of the Class recover damages, to the maximum extent allowed by such laws, in the form of restitution in tort and contract and/or disgorgement of profits unlawfully gained from them;

e. Plaintiffs and members of the Class be awarded restitution, including disgorgement of profits Defendant obtained as a result of their unlawful selling of defective Champion 4 Toilets;

f. Plaintiffs and members of the Class be awarded interest as provided by law, and that such interest be awarded at the highest legal rate from and after the date of service of this Complaint;

g. Plaintiffs and members of the Class recover their costs of suit, including reasonable attorney's fees, as provided by law pursuant to 15 U.S.C. §2310(d)(2); and

h. Plaintiffs and members of the Class have such other and further relief as the case may require and the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues so triable.

/s/      *Brendon P. Friesen*
ANTHONY J. COYNE (0039605)
BRENDON P. FRIESEN (0076694)
EMILY S. O'CONNOR (0093735)
**MANSOUR GAVIN LPA**
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio  44114
(216) 523-1500; Fax (216) 523-1705
acoyne@mggmlpa.com
bfriesen@mggmlpa.com
eoconnor@mggmlpa.com

/s/ *Stuart E. Scott*
DENNIS R. LANSDOWNE (0026036)
STUART E. SCOTT (0064834)
**SPANGENBERG SHIBLEY & LIBER LLP**
1001 Lakeside Avenue East, Suite 1700
Cleveland, Ohio 44114
(216) 696-3232
(216) 696-3924 (FAX)
dlansdowne@spanglaw.com
sscott@spanglaw.com

*Counsel for Plaintiffs Rachel Papp, Candu Properties LLC and Reginald B. Friesen*